United States District Court
Southern District of Texas
ENTERED

NOV 2 7 2009

Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CAMERON COUNTY, TEXAS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. B-09-192 |
| v. | § § | |
| JUDICIAL DIALOG SYSTEMS, | § § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on November 25, 2009, the Court **GRANTED IN PART** Plaintiff Cameron County, Texas's ("Cameron County") Motion for Partial Summary Judgment. Dkt. No. 9.

In its motion, Plaintiff seeks partial summary judgment against Defendant Judicial Dialog System's ("JDS") counterclaim for breach of contract for Plaintiff's nonpayment of sums due under a contract to provide software to the Cameron County District Attorney's office. Dkt. No. 3, at 3-4; Dkt. No. 9, at 1. Plaintiff argues that the Texas Business Organizations Code prohibits a foreign corporation from bringing a claim in a Texas court, including this Court, unless the foreign entity has first registered to do business with the Secretary of State. Dkt. No. 9, at 1 (citing TEX. BUS. ORG. CODE ANN. § 9.051(b)). Evidence indicates that the Defendant has not registered with the Texas Secretary of State. *Id.* at 1; Exs. A, B. Therefore, Defendant should be barred from pursuing its counterclaim in this action by its lack of capacity to sue. *Id.*

Defendant responds that because the underlying contract was a product of interstate and not intrastate commerce, it was not required to register with the Texas Secretary of State before filing its claim. Dkt. No. 10, at 2. Defendant is based in Mount Airy, Maryland, and has six employees, all located outside of Texas. *Id.* at 2, 8-9. The Plaintiff reached outside Texas to contact Defendant in Maryland, and the

contract was negotiated over telephone, email and online demonstrations with Defendant acting in Maryland, as well as face-to-face meetings in Texas. *Id.* at 2, 8-9. A large number of the tasks in performing the contract were completed outside of Texas. *Id.* at 2-3, 8-9. Defendant argues that Plaintiff has not met its burden of proving Plaintiff was conducting intrastate commerce. *Id.* at 4-5. Additionally, Defendant argues that summary judgment is not the proper remedy. *Id.* at 5-6. Instead, Defendant argues that if the Court should determine that it was conducting interstate commerce, it should only be required to register before entering final judgment into the record. *Id.* (citing Troyan v. Snelling & Snelling, Inc., 524 S.W.2d 432, 434 (Tex. Civ. App.–Dallas 1975, no writ).

Plaintiff replies that Defendant admits in its answer to Plaintiff's petition that it has done business in Cameron County, Texas, and that performance of the agreement was to occur at least in part in Cameron County. Dkt. No. 11, at 2; Dkt. No. 3, at 1. In addition, until quite recently, Defendant's website indicated that it maintained an office in Texas. Dkt. No. 11, at 2; Ex. E. Plaintiff argues that when business is at least in part local in nature, the activity is intrastate commerce, and thus the foreign corporation must register in Texas. *Id.* at 2 (citing Baxter v. Aguillar, Civ. No. SA-06-937-WWJ, 2007 LEXIS 72053, at *30-31 (Tex. App.–San Antonio 2007, no writ)). Plaintiff argues it is immaterial how much of the work was performed outside of Texas, as long as the transactions within Texas comprise a portion of the whole. Dkt. No. 11, at 2 (citing *Baxter*, 2007 LEXIS 72053 at 30-31). Plaintiff presents declarations from Gail E. Burch ("Burch"), then Southwest Regional Manager for Defendant, and David Gonzales ("Gonzales"), then-First Executive Assistant to the Cameron County District Attorney, in which both Burch and Gonzales declare that in-person meetings and demonstrations between the parties occurred in Texas. Dkt. No. 11, at 2-3; Ex. 2, 3. Burch declares that he maintained an office in Bexar County, Texas during the time that Plaintiff and Defendant were in discussions regarding purchase of the software. *Id.* at Ex. 2. Finally, Plaintiff argues that *Troyan* is inapplicable to

-2-

this situation because in that case, the non-registration issue was not raised until the day of the hearing in an attempt to prevent the other party from curing the defect prior to trial. *Id.* at 4 (citing *Troyan*, 5224 S.W.2d at 434). Here, however, Plaintiff has been aware of the lack of capacity well prior to trial. *Id.* Furthermore, a more recent Texas Supreme Court case noted that *Troyan* suggested that a party can cure a lack of capacity before entry of final judgment, but did not explicitly endorse the holding of the lower court and in fact barred the non-registered foreign corporation from maintaining its claim. *Id.* (citing Coastal Liquids Transp., LP v. Harris County Appraisal Dist.., 46 S.W.2d 880, 885 (Tex. 2001)). Furthermore, Plaintiff argues that following *Troyan*'s requirement of only requiring registering before entering of verdict will allow the Defendant to game the registration requirement and only register if there is a favorable verdict. *Id.* at 5.

In surreply, Defendant argues that the evidence indicates that its counterclaim does not arise out of the transaction of business in Texas. Dkt. No. 13, at 2. Defendant argues that their counterclaim is for Plaintiff's breach of contract by failure to pay amounts that became due in November 2008. *Id.*, Ex. A. The sums due were for activities in 2008 and 2009, including installation of the software in the Cameron County District Attorney's Office, the first year of annual software support and maintenance, and the travel expenses of Defendant's employees. *Id.* at 2. Therefore, Plaintiff's evidence that the parties negotiated the contract in Texas and that in 2006 Defendant employed Burch in Texas is not evidence that Defendant's counterclaim arises out of intrastate commerce. *Id.* at 2-3. Defendant argues that by the time the contract between the parties was signed, Burch was no longer employed by the Defendant. *Id.* at 3.

Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the Court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Piazza's Seafood World, LLC v. Odom, 448 F.3d

744, 752 (5th Cir. 2006); *Lockett v. Wal-Mart Stores, Inc.*, 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, LLC*, 448 F.3d at 752 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The Court must view all evidence in a light most favorable to the non-moving party. *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 36 F.3d 1069, 1075 (5th Cir. 1994). Thus, the Court will not, "*in the absence of proof, assume that the nonmoving party could or would prove the necessary facts.*" *Id.* (emphasis in original) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)); *see also* TIG Ins. Co. v. Eagle, Inc., Civ. Action No. 05-0179, 2007 WL 861153, at *2 (E.D. La. 2007) (quoting *Little*, 36 F.3d at 1075).

The non-movant has no duty to respond to a motion for summary judgment until the moving party meets its burden of showing that no genuine issue of fact exists. *See Lockett*, 337 F. Supp. 2d at 891 (citing Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993)). However, if the movant satisfies its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of fact. *Lockett*, 337 F. Supp. 2d at 891; *see also Ashe*, 992 F.2d at 543. The non-movant may not merely rely on conclusory allegations or the pleadings. *Lockett*, 337 F. Supp. 2d at 891. Rather, it must demonstrate specific facts identifying a genuine issue to be tried in order to avoid summary judgment. FED. R. CIV. P. 56(e); *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Thus, once it is shown that a genuine issue of material fact does not

-4-

exist, "[s]ummary judgment is appropriate . . . if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" Arbaugh v. Y&H Corp., 380 F.3d 219, 222–23 (5th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

The Texas Business Organizations Code prohibits a foreign corporation from bringing a claim in any Texas court that arises out of intrastate business unless the corporation has first registered to do business with the Secretary of State of Texas. TEX. BUS. ORG. CODE ANN. § 9.051(b); Farris v. Sambo's Restaurants, Inc., 498 F. Supp. 143, 146 (N.D. Tex 1980). The evidence is undisputed that Defendant is not registered with the Secretary of State. Dkt. No. 9, Exs. A, B. It is settled law in Texas that a counterclaim is an affirmative cause of action, and thus falls under the requirements of § 9.051(b); Hightower Petroleum Corp. v. Story, 236 S.W.2d 679, 680 (Tex. App.–Fort Worth 1951, writ ref.). Where part of the transaction by the foreign corporation is at least in part of a local nature, the activity is intrastate and subject to regulation. Kutka v. Temporaries, 568 F. Supp. 1527, 1532 (S.D. Tex. 1983) (citing Normandie Oil Corp. v. Oil Trading Co., 163 S.W.2d 179 (Tex. 1942)).

The Court finds that the Defendant's counterclaim is based on activity that is at least in part of a local nature. As Defendant admits, the work for which it seeks payment for includes installation of the software in the Cameron County District Attorney's Office, the first year of annual software support and maintenance which was provided support on-site in Texas, and the travel expenses of Defendant's employees to visit Cameron County. Id. at 2, Ex. A. Therefore, the Court concludes that the undisputed evidence indicates that the Plaintiff's claim is for a transaction that is at least in part of a local nature. As a result, the Court concludes that the Defendant is required to register with the Texas Secretary of State to proceed with its counterclaim.

As the Defendant notes, the Troyan court allowed the foreign corporation leave to fulfill the registration requirement by presenting a registration certificate before final judgment. Dkt. No. 10, at 5; Troyan, 524 S.W.2d at 434; see accord Durish v. Panan Int'l., N.V., 808 S.W.2d 175, 178-79 (Tex. App.–Houston [14th Dist.] 1991, no

writ) (allowing the foreign corporation to file before a motion for new trial was overruled). As the *Troyan* court noted, the purpose of the statutory registration is to encourage registration, not to penalize. *Troyan*, 524 S.W.2d at 434. Plaintiff, on the other hand, argues that allowing registration prior to the entry of final judgment would deprive the rule of any meaning because Defendant will not register if it is unsuccessful on its counterclaim. In interpreting the rule and in balancing the interests of the state, the Court finds that the best solution is to require immediate registration should the Defendant wish to continue to pursue its counterclaim.

Therefore, based on the foregoing, the Court **GRANTS IN PART** Plaintiff Cameron County, Texas' Motion for Partial Summary Judgment. Dkt. No. 9. The Court **ORDERS** the Defendant to file a certificate of registration to do business in Texas covering the period between May 30, 2006, when the parties' contract was entered into, until the present day, with the Court prior to December 23, 2009. Should the Defendant fail to file a certificate prior to that date, the Court shall dismiss the Defendant's counterclaim.

DONE at Brownsville, Texas, on November 25, 2009.

Hilda G. Tagle
United States District Judge

-6-